NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

MICHAEL PIGNATARO and      :
THOMPSON R. CHASE           :         **Hon. Dennis M. Cavanaugh**
                              :
      Plaintiffs          :             **OPINION**
                                :
      v.                :     Civil Action No. 04-CV-1767(DMC)
                                :
THE PORT AUTHORITY OF NEW  :
YORK AND NEW JERSEY, a bi-state :
agency, JOHN DOES (1-5) (Agents  :
representatives and/or employees of the :
Port Authority of New York and New :
Jersey.                      :
                                :
      Defendant.

_____

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

       This matter comes before the Court on a motion by Plaintiffs Michael Pignataro and Thompson R. Chase (collectively "Plaintiffs") for summary judgment against Defendant Port Authority of New York and New Jersey ("Defendant or Port Authority"), and a cross-motion for summary judgment by Defendant against Plaintiffs. No oral argument was heard pursuant to Fed.R.Civ.P. 78. For the following reasons Plaintiffs' motion for summary judgment is granted as to liability only, and Defendant's motion for summary judgment is denied.

## **I. BACKGROUND**

       Defendant Port Authority is the owner and operator of various transportation terminals and commerce facilities within the Port of New York district, the bi-state area that lies within a

25-mile radius of the Statute of Liberty.  Plaintiff Michael Pignataro was hired by the Port Authority as an Operations Duty Supervisor in 1982.  He began working as a helicopter pilot approximately one month later. Plaintiff Pignataro retired in 2004.  Plaintiff Thompson Chase was hired by Defendant in 1977 and was promoted to the position of helicopter pilot in 1982.  Plaintiff Chase currently holds the position of a Captain in the Airborne Unit.

Helicopter pilots such as Plaintiffs have been classified by the Port Authority as professional employees and therefore deemed exempt by Port Authority from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*.("FLSA").  However, Plaintiffs are paid at straight rates for overtime.

Plaintiffs filed a complaint in the instant action on April 15, 2004, alleging that Defendant violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*.("FLSA"), by failing to pay proper overtime to its helicopter pilots.  Plaintiffs' Complaint states that this Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.  Defendant Port Authority answered Plaintiffs' Complaint on June 1, 2004.  After the completion of discovery, Plaintiffs filed a motion for summary judgment on July 20, 2005.  Defendant cross-moved for summary judgment on July 22, 2006.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there is no genuine issue of fact and it must prevail as a matter of law, or that the

non-moving party has not shown facts relating to an essential element of the issue for which he

bears the burden. Celotex, 477 U.S. at 331.  If either showing is made then the burden shifts to

the non-moving party, who must demonstrate facts which support each element for which he

bears the burden and must establish the existence of genuine issues of material fact. Id.  The non-

moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this

burden, Fed.R.Civ.P. 56(e), but must produce sufficient evidence to support a jury verdict in his

favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

### III. ANALYSIS

The main issue to be decided in the cross-motions is whether Plaintiffs qualify for the

protection of the FLSA, a federal statute which guarantees that certain types of employees be

paid one and one-half times their regular hourly rate for any hours worked in excess of forty

hours per week.   29 U.S.C. §201, et seq. Defendant asserts that under 29 U.S.C. § 213(a)(1) of

the Act, Plaintiffs are exempt from coverage as bonafide professionals.  Because the burden falls

upon Defendant to prove that an employee is exempt from the FLSA,, the Court must adjudicate

whether under the undisputed facts, Defendant has shown Plaintiffs to be properly categorized as

professional employees.  See Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974);

Shultz v. Louisiana Trailer Sales, 428 F.2d 61 (5th Cir. 1970), cert. den'd 400 U.S. 902 (1970)

**Fair Labor Standards Act Exemptions**

As a general matter, the FLSA requires that every employee who works more than a forty

hour workweek must be compensated at a rate not less than one and one-half times the regular

rate for excess hours.  29 U.S.C. § 207(a)(1).  However, the FLSA also provides several

categories of employees that are exempt from the coverage of the overtime provisions, including

3

"professional" employees.29 U.S.C. § 213(a)(1).[1]

Determination of professional status is guided by regulations issued by the Secretary of Labor and the Administrator of the Wage and Hour Division.  To qualify as an exempt employee, the employee must meet both a "duties test" and a "salary-basis test."  Thus, the employer must show: 1) the employee's duties fit the FLSA's test for the exemption; and 2) the employee is paid at least $250 per week on a salary basis.  Here, Plaintiffs move for summary judgment on the grounds that 1) their duties do not fit the FLSA's test for professional employee exemption and 2) they are not paid on a salary basis.

**_Duties Test_**

The Department of Labor has established two tests for determining whether an employee is "employed in a bona fide...professional capacity." 29 C.F.R. § 541.3 (2000).  The five-part "long test" applies to employees who earn more than $170 per week but less than $250.  Id. at § 541.3(a)-(e).  The "short test", or "streamline test" applies to employees who earn more than $250 per week.  Id. at § 541.3(e).  Here, because Plaintiffs earn more than $250 per week, the Court will apply the short test.

Under the short test for learned professionals an employee's primary duty "consists of the performance of: (1)work requiring knowledge of an advance[d] type in a field of science or

---

[1]The Department of Labor revised the FLSA's implementing regulations governing certain exemptions, effective August 23, 2004.  See 29 C.F.R. § 541.  However, the Court will apply the version of the regulations as they relate to the period of time at issue in Plaintiffs' Complaint.  Plaintiffs' claim a violation from April 2001, and the Complaint was filed in April 2004.  As such, all references to the FSLA will be to the prior regulations and interpretations.  Plaintiffs' appear to cite to the 2004 revised version of the regulations.  The Court's approach is consistent with the approach taken by a number of other district courts addressing the issue of which regulations apply in light of the Department of Labor's new regulations.  See McDowell v. Cherry Hill Township, 2005 WL 3132192 (D.N.J. Nov 21, 2005); Jackson v. McKesson Health Solutions, LLC, 2004 U.S. Dist. LEXIS 21997 (D.Mass 2004); Belt v. EmCare, Inc., 351 F.Supp.2d 625 (E.D.Tex.2005).

learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes [and]...(b) whose work requires the consistent exercise of discretion and judgment in its performance.  § 541.3(a)-(b).  Thus, there are three requirements implicit in this test.  First, an employee must perform work requiring advanced knowledge.  Second, the work requiring advanced knowledge must constitute the employee's "primary duty." And third, the employee must perform "work [that] requires the consistent exercise of discretion and judgment in its performance." Id. at § 541.305(a).

The Court will first consider whether Plaintiffs perform work requiring advanced knowledge of the type acquired from specialized study.  "Knowledge of an advanced type" is typically knowledge that cannot be attained at the high school level. Id. §541.301(b).  The requirement that knowledge be in a "field of science or learning" serves to distinguish "learned professions" from "mechanical arts where in some instances the knowledge is of a fairly advanced type, but not in a field of science or learning." Id. at §541.301(c).  With regard to the requirement that knowledge be customarily acquired from "a prolonged course of specialized instruction and study," the interpretation states: "the typical symbol of...professional training and the best prima facie evidence of its possession is...the appropriate academic degree, and...an advanced academic degree is a standard (if not universal) perquisite [sic]." Id. §541.301(e)(1). The interpretation also extends the professional exemption to those in the classical professions who lack the background and training common among their peers. Id. §541.301(d).  Finally, it distinguishes "learned professionals" from those who develop their skills through on-the-job

experience and from those who obtain specialized or advanced degrees in nonprofessional fields. Id. at §541.301(a),(e)(2).

For the Court to make a determination as to whether the positions in question meet this advance knowledge requirement, it must review Plaintiffs' job requirements.  Both Plaintiffs and Defendant have submitted a copy of the promotional bulletin for the position of helicopter pilot in support of their motions.  (See Plaintiffs' Exhibit A; Defendant Exhibit 5).  The bulletin details the following position requirements: (1) 2,000 hours flying time in helicopters, with 250 hours of this being engine time; (2) possession of a commercial helicopter pilot certification with a helicopter instrument rating.  An airline transport rating is highly desirable; (3) possession of a Federal Aviation Administration Second Class Medical Certificate; (4) Knowledge of FAA rules and regulations governing helicopter flights in the area.  The bulletin also states that selected candidates must successfully complete schooling by the airport manufacturer's representative. The bulletin states that the employee will "be responsible for piloting helicopters to transport Port Authority personnel, government officials and visitors to and from the Port Authority facilities...responsible for navigation according to flight assignments, maintenance of radio communications, execution of prescribed flight patterns, and maneuvers, pre-flight inspections, maintenance of appropriate logs and reports, training and administrative duties."

It is clear that Plaintiff's do not have an advanced degree of the type typically ascribed to exempt employees such as doctors or lawyers.  However, Plaintiffs do possess several licenses and evidence of training.  If the Court is to accept Defendant's argument, it must find that these licenses and training are the functional equivalent of an advanced degree.

6

Defendant asserts that Plaintiffs possess advanced knowledge, as highlighted by their impressive credentials, which include F.A.A. Airplane Transport Pilot's Licenses, as well as Plaintiff Chase's possession of a Commercial Fixed Wing Certificate, Certified Flight Instruction Ratings for fixed and wing aircrafts and a multi-engine fixed wing ratings.  Plaintiffs, on the other hand, argue that nothing is required for the position of helicopter pilot beyond a high school diploma.  It seems to the Court that the answer lies somewhere in between.  For Plaintiffs to have earned various flight certificates, they underwent training that can be categorized as specialized instruction.  This certainly rises to a level of education or training beyond that of a high school education.  However, under the statute, this does not constitute an advanced academic degree.  In fact, the statute specifically distinguishes a learned professional from one who obtain specialized or advanced degrees in nonprofessional fields. Id. at §541.301(a),(e)(2).

As such, this Court is of the opinion that Plaintiffs' job duties do not rise to level of "work requiring knowledge of an advance[d] type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study." § 541.3(a)-(b). Rather, the Court agrees in part with the view taken by the District Court in Martin v. Penn Line Services, 416 F.Supp. 1387, 1389 (W.D.Pa. 1976), where the Court found the plaintiff helicopter pilots to be "merely highly trained technicians" and thereby exempt from the FLSA.  Although the Court does find that Plaintiffs meet the third requirement of the duties test, namely the exercise of discretion and judgment in performing their job duties, the test set forth in the FLSA first requires the performance of work requiring advanced knowledge.  Defendant has failed to convince the court that this requirement has been met.

In light of the above, the Court need not address the salary basis test as defined in the

FLSA.  This Court finds that Plaintiffs do not meet the requirements set forth in 29 C.F.R. § 541.3 (2000), and therefore do not qualify as professional employees under the FLSA.

## IV.CONCLUSION

In this instant case, the burden fell upon Defendant to prove that Plaintiffs are exempt from the FLSA.  Under the undisputed facts, this Court finds that Defendant has not proven Plaintiffs are exempt as professional employees and therefore Defendant has improperly categorized Plaintiffs as a professional employees.  As such, Plaintiffs motion for summary judgment as to liability is **granted**.  Defendant's motion for summary judgment is **denied**.

S/ Dennis M. Cavanaugh
_____
Dennis M. Cavanaugh, U.S.D.J.

Date:       February 9, 2006
Original: Clerk's Office