NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL PIGNATARO and THOMPSON R. CHASE, | Hon. Dennis M. Cavanaugh |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 04-CV-1767 (DMC) |
| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, a bi-state agency, JOHN DOES (1-5) (Agents, representatives and/or employees of the Port Authority of New York and New Jersey, |  |
| Defendants. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Plaintiffs Michael Pignataro ("Pignataro") and Thompson R. Chase ("Chase," and collectively, "Plaintiffs") for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion for summary judgment is **denied**.

### I.     BACKGROUND[1]

#### A.     FACTUAL BACKGROUND

Defendant Port Authority of New York and New Jersey ("Defendant") is the owner and operator of various transportation terminals and commerce facilities within the Port of New York district, the bi-state area that lies within a twenty-five mile radius of the Statute of Liberty. Defendant hired Pignataro as an Operations Duty Supervisor in 1982. Pignataro began working as a helicopter pilot approximately one month later. Pignataro retired in 2004. Defendant hired Chase in 1977 and he was promoted to the position of helicopter pilot in 1982. As of February 2006, Chase held the position of Captain of the Airborne Unit.

Defendant classified helicopter pilots as "professional employees," who are exempt from overtime compensation of time and one-half pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Accordingly, Plaintiffs were paid their straight hourly rate for overtime.

#### B.     PROCEDURAL BACKGROUND

Plaintiffs filed a Complaint on April 15, 2004, alleging that Defendant violated the FLSA by failing to pay proper overtime rates to its helicopter pilots. The Complaint states that this Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. Defendant answered the Complaint on June 1, 2004. After the completion of discovery, Plaintiffs filed a motion for summary judgment on July 20, 2005. Defendant cross-moved for summary judgment on July 22, 2005.

---

[1] The facts set-forth in this Opinion are taken from the Parties' Fed. R. Civ. P. 56.1 statements in their respective moving papers.

On February 14, 2006, this Court issued an Opinion and Order denying Defendant's motion for summary judgment and granting Plaintiffs' motion for summary judgment in part as to liability. The extent of the damages due to Plaintiffs, however, was unresolved in this Court's Opinion.

## II.    STANDARD OF REVIEW: FED. R. CIV. P. 56 SUMMARY JUDGMENT

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences – including issues of credibility – in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd,

51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III. DISCUSSION

Pursuant to the FLSA, a cause of action for unpaid overtime "may be commenced within two years after the cause of action accrued." 29 U.S.C. § 255(a). "A cause of action under FLSA 'accrues' whenever the employer fails to pay the required compensation for any particular workweek," and an "action is commenced on the date a complaint is filed." Wolfslayer v. Ikon Office Solutions, Inc., No. 03-6709, 2004 U.S. Dist. LEXIS 22625, at *34 (E.D. Pa. Nov. 8, 2004) (citation omitted). "If, however, the cause of action arises out of a willful violation [of the FLSA], it may be commenced within three years after the cause of action accrued." Id. (citing 29 U.S.C. § 255(a)). Plaintiffs seek three years of damages preceding the commencement of this action for Defendant's willful violation of the FLSA. For the reasons set forth below, however, Defendant's violation was not wilful, and Plaintiffs should thereby receive a maximum of two years unpaid overtime.

"[A] violation of the relevant sections of the FLSA is willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." Brock v. Richland Shoe Co., 799 F.2d 80, 81 (3d Cir. 1986); see also Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 126 (1985). "In common usage, the word 'willful' is synonymous with such words as 'voluntary,' 'deliberate,' and 'intentional.'" McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1985) (citation omitted); see also Brock, 799 F.2d at 83 ("willfulness is akin to intentionality"). The term "willful" "is generally understood to refer to conduct that is not merely negligent." Id. Importantly, the Supreme Court of the United States has stated, "that

4

Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations." McLaughlin, 486 U.S. at 132. Here, Defendant's violation of the FLSA is ordinary and does not rise to the level of willfulness required to extend the statute of limitations.

A violation is not willful merely because "the employer ha[d] an awareness of the possible application of the FLSA." Coleman v. Jiffy June Farms, Inc., 458 F.2d 1139, 1142 (5th Cir. 1971), overruled by McLaughlin, 486 U.S. at 132. Here, Plaintiffs seem to advance a theory that the violation at issue here was willful because Defendant was aware of the FLSA requirements for classifying employees as "professional" and it nonetheless characterized the pilots as professional employees. Asking whether Defendant knew the FLSA was "in the picture" is an inappropriate willfulness standard because it "virtually obliterates any distinction between willful and nonwillful violations." McLaughlin, 486 U.S. at 132-33. Plaintiffs need to demonstrate something more than mere awareness of the statute to prevail on the willfulness issue.

Plaintiffs contend that Defendant's violation of the FLSA was willful because their repeated requests for salary increases were either ignored or unsuccessful. This conclusion is a leap in logic and does not address the relevant question of whether Defendant willfully – that is, knowingly, intentionally or recklessly – violated the overtime provisions of the FLSA. Plaintiffs draw the Court's attention to their unsuccessful attempts at increasing *base pay*. For example, Plaintiffs contend the violation was willful because salary surveys were not conducted, despite

5

the management's assurances; their salaries did not compare to private sector; they were paid less than mechanics and other personnel in their unit; and management failed to address salary issues when requested. These instances do not demonstrate Defendant's reckless disregard for the consequences of its actions as they relate to its categorization of pilots as professional employees. Plaintiffs' attempts to increase base pay have no bearing on whether they were entitled to overtime under the FLSA and these facts are immaterial to the willfulness issue.

The process by which Defendant arrived at its decision to characterize the pilots as professional employees fails to indicate that it acted with a reckless disregard of the consequences of its decision or that it knew the characterization was in violation of the statute. Defendant apparently acted reasonably when making its determination. "If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful." McLaughlin, 486 U.S. at 134 n.13. Defendant's law department conducted "extensive research on helicopter pilots" before concluding that pilots be characterized as professional employees. Defendant had a rational basis for its conclusions because Paul v. Petroleum Equipment Tools Co., the only federal appellate authority on point, holds that helicopter pilots are exempt from the FILSA's overtime provisions. See 708 F.2d 168 (5th Cir. 1983). One of the strongest factors "of willfulness would be that an employer deliberately ignored judicial invalidations of plans similar to its own." EEOC v. Westinghouse Elec. Corp., 869 F.2d 696, 712 (3d Cir. 1989).[2] "While stubborn non-compliance in the face of contrary judicial authority might well constitute

---

[2] Although Westinghouse pertained to a violation of the Age Discrimination Employment Act, the same standard of willfulness applies to statute of limitations issues under the FLSA. See Westinghouse, 869 F.2d at 712.

willfulness, good-faith adherence to, and defense of, those policies when the law is unsettled does not establish a willful violation." Id. at 713.  Prior to the this Court's decision dated February 14, 2006, the FILSA's overtime provision as it related to helicopter pilots was unaddressed by the United States Court of Appeals for the Third Circuit.  Defendant had a good faith belief that it was complying with the statute, especially because it acted in accordance with the only judicial authority on point.  Nothing about Defendant's actions indicate a reckless disregard of the consequences, but rather, the facts indicate that Defendant made a good faith effort to adhere to the law.  Defendant's actions were reasonable and, thus, its violation of the FLSA was not willful.

## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Plainitffs' motion for summary judgment is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:      June  26 , 2008  
Orig.:     Clerk  
cc:        All Counsel of Record  
           Hon. Mark Falk, U.S.M.J.  
           File