NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL PIGNATARO and THOMPSON R. CHASE | : | Hon. Dennis M. Cavanaugh |
| Plaintiffs, | : | **OPINION** |
| v. | : | Civil Action No. 04-1767 (DMC) |
| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, a bi-state agency, JOHN DOES 1-5 and JANE DOES 1-5 (Agents, representatives, and/or employees of The Port Authority of New York and New Jersey) | : | |
| Defendants | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion to Reopen Case to Award Attorney's Fees and Post-Judgment Interest on behalf of Plaintiff's attorney, Ms. Christine Carey Lilore, filed by Ms. Lilore on June 30, 2010. After considering the submissions of Plaintiff's attorney, and having received no objection or challenge from Defendant, it is the decision of this Court for the reasons herein expressed that Plaintiff's attorney's motion to be awarded attorney's fees is **granted**; and

Plaintiff's attorney's motion for an award of Post-judgment interest on the award of attorney's fees is **denied** as moot.

I. **BACKGROUND**

Plaintiffs, helicopter pilots who had been employed by Defendant, The Port Authority of New York and New Jersey, filed a complaint on April 15, 2004 alleging that Defendant violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C.§ 216(b) and 28 U.S.C. § 1337. On February 9, 2006 this Court entered an Opinion and Order granting Plaintiffs" motion for partial summary judgment. Specifically, this Court found that Plaintiffs qualify for the protection of the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and are eligible for overtime. This Court entered an Order on August 11, 2008 awarding Defendant Pignataro $87,084.33 ($67,907.23 unpaid overtime plus $19, 177.10 in prejudgment interest) and awarding Defendant Chase $64,923.94 ($50, 626.80 unpaid overtime plus $14, 297.14 in prejudgment interest.) No request for attorney's fees was made at that time.

II. **LEGAL STANDARD**

Under 29 U.S.C.A. § 216 the Court is authorized to award " a reasonable attorney's fees to be paid by the defendant and costs of the action." As the Supreme Court has held, "the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart,* 461 U.S. 424, , 103 S.Ct. 1933 (U.S.S.C., 1983). In order to determine what is reasonable, "the plaintiff must provide the Court with adequate documentation for the hours requested." *Hensley,* 461 at 433. The Court must analyze the documentation provided, and exclude any hours that are "excessive,

2

redundant, or otherwise unnecessary." *Id.* at 434. However, the Court may not sua sponte reduce a request for attorney's fees. *Bell v. United Princeton Properties Inc.,* 884 F.2d 713, 719 (3d Cir.1989). Only if the defendants challenge the hours or "if the hours expended are within the judge's personal knowledge" may the court reduce them. *Cerva v. E.B.R. Enterprises, Inc.,* 740 F.Supp. 1099, 1103 (E.D.Pa.1990).

### III.  ANALYSIS

Accompanying her Motion requesting an award of attorney's fees, Ms. Lilore provided this Court with extensive documentation of the hours she worked and the expenses she incurred in pursuing this case on behalf of Plaintiffs. Ms. Lilore certified that she worked 108.4 hours at the billable rate of $200.00 per hour, and an additional 38.9 hours at $250.00 per hour. The work that she did on behalf of Plaintiffs spanned the period between 2004 and 2010. In addition to her own time, Ms. Lilore documented other expenses related to the action such as filing fees, paralegal services and court reporter fees. There was no objection or challenge from Defendant. This Court conducted a careful and extensive review of Ms. Lilore's requests and determined that the fees she requested were reasonable. Although Ms. Lilore also requests Post-judgment interest on the award of attorney's fees, this Court concludes that since fees were not previously awarded, there is nothing on which to receive Post-judgment interest, and that part of her Motion is moot.

**IV. CONCLUSION.**

For the foregoing reasons, Plaintiff's attorney's motion for an award of fees is **granted;** Plaintiff's motion for Post-judgment interest is **denied** as moot. An appropriate Order accompanies this Opinion.

                                          S/ Dennis M. Cavanaugh
                                          Dennis M. Cavanaugh, U.S.D.J.

Dated:        September  21 , 2010
Original:    Clerk
                All Counsel of Record